# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ESLEY DEE CORNELIUS, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-808-JPG** |
| | ) | |
| | ) | |
| **UNION COUNTY ILLINOIS SHERIFF'S** | ) | |
| **DEPARTMENT,** | ) | |
| **JOHN DOE #1,** | ) | |
| **JOHN DOE #2,** | ) | |
| **SCOTT HARVELL,** | ) | |
| **JACKSON COUNTY JAIL MEDICAL** | ) | |
| **STAFF,** | ) | |
| **and UNION COUNTY, ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Esley Dee Cornelius, III, a pretrial detainee at Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants failed to protect him from, and were objectively unreasonable in treating, injuries he sustained in a car wreck while being transported to Jackson County Jail. He asserts claims against the defendants under the Fourteenth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Plaintiff makes the following allegations: On April 16, 2019 while being transported from Union County Illinois Sheriff's Department to Jackson County Jail, John Doe #1, an officer with the Union County Sheriff's Department, and Plaintiff were involved in a car wreck with a deer. (Doc. 1, p. 6). Plaintiff was in the backseat of the police cruiser and suffered injuries to his lower back and left shoulder as well as cuts to his fingers. (*Id.*). After the accident, Plaintiff informed John Doe #1 that his shoulder and back hurt and his finger stung from where the glass cut it.

John Doe #1 radioed for help and John Doe #2 arrived at the scene. (Doc. 1, p. 7). Plaintiff asked John Doe #2 to take him to the hospital and John Doe #2 told him no that he was being transported to jail. (*Id.*). John Doe #1 and Plaintiff left John Doe #2 with the wrecked police cruiser and continued driving to Jackson County Jail. (*Id.* at pp. 7-8). Upon arriving at the jail, Plaintiff was treated for his injuries by a jail deputy who took pictures of his shoulder and provided him with a bandage and ointment. (*Id.* at p. 8). The deputy told Plaintiff that he would be seen by a nurse the following day (*Id.*).

The next day, April 17, 2019, Plaintiff pressed the emergency call button on his cellblock. (Doc. 1, p. 8). He spoke with a number of deputies, including Sergeant Straton, Deputy Harju, Deputy Partridge, Deputy Seifert, and Deputy Backman, about his injuries and they told him to fill out a sick call request. (*Id.* at pp. 8-9). Plaintiff put in a sick call request using the jail kiosk and asked to be seen by a doctor and receive x-rays. (*Id.* at p. 9). Plaintiff was seen by the jail nurse G. Gladson but it was a couple of weeks before he saw the doctor. He continued to see the doctor

for his injuries for two to three months.  The doctor placed him on medication for his back pain, but Plaintiff complained that the medication did not help his pain.  Prior to filing his Complaint, Plaintiff alleged that his pain medication was increased but the doctor never diagnosed him nor has the doctor determined if he has any broken bones or internal injuries.  (*Id.*).

Plaintiff alleges that John Doe #1 failed to protect Plaintiff from the injuries he received as John Doe #1 failed to strap Plaintiff into a seat belt before leaving the Union County Sheriff's Department.  (Doc. 1, p. 7).  Plaintiff was not able to strap his seat belt due to being handcuffed.  (*Id.*).  He further alleges that Scott Harvell, the Sheriff of Union County, failed to train John Doe #1 in securing individuals in his custody.  (*Id.* at p. 10).

## Preliminary Dismissals

Plaintiff refers to various officers as well as nurse G. Gladson and the jail doctor in the body of his Complaint but does not list them in the caption.  Thus, they will not be treated as defendants in this case, and any claims against them should be considered **DISMISSED without prejudice**.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

Further, Plaintiff has identified groups of individuals as defendants, including medical staff and Union County, Illinois officials, which is improper.  To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[1]  All claims against "medical staff" and "Union County, Illinois officials" shall be **DISMISSED without prejudice**.

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED.R.CIV.P. 4(e)-(j)).

Finally, Plaintiff identifies Union County, Illinois and Union County Illinois Sheriff's Department as Defendants. Plaintiff's Complaint, however, includes only conclusory allegations that these entities violated his constitutional rights. (Doc. 1, pp. 9-10). These allegations do not state a claim and both of these defendants are, accordingly, **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **John Doe #1 and John Doe #2 were objectively unreasonable in failing to transport Plaintiff to the hospital after the wreck in violation of the Fourteenth Amendment.**
>
> **Count 2:** **John Doe #1 failed to protect Plaintiff by failing to secure Plaintiff in the police cruiser in violation of the Fourteenth Amendment.**
>
> **Count 3:** **Scott Harvell failed to train John Doe #1 in properly securing detainees in custody for transportation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Count 1

As Plaintiff was a pretrial detainee; his claim arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013); *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000). A standard of objective reasonableness, rather than deliberate indifference, governs medical claims under the Fourteenth Amendment's Due

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Process Clause. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)).

The controlling standard has two steps. The first step focuses on the intentionality of the defendant's conduct and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id*. (quoting *Miranda*, 900 F.3d at 353). Negligence or even gross negligence is not enough. *Id.* (citing *Miranda*, 900 F.3d at 353; accord *Darnell v. Pineiro*, 849 F.3d 17, 35–36 (2d Cir. 2017) (concluding that "[a]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence")). The second step looks at whether the challenged conduct was objectively reasonable. *See Miranda*, 900 F.3d at 354. Looking at all of the facts and circumstances before the defendant, a court must determine whether the response was reasonable, without taking into account "any subjective belief held by the individual." *McCann*, 909 F.3d at 886.

Plaintiff's Complaint falls short of alleging that Defendants were objectively unreasonable. Plaintiff's Complaint alleges that after the wreck, he informed John Doe #1 of his injuries and asked John Doe #2 to transport him to the hospital. They refused and John Doe #1 instead transported him to the Jackson County Jail, their original destination. At the jail, however, Plaintiff received treatment for his injuries. There are no allegations suggesting that transporting Plaintiff to the jail for treatment rather than to the hospital as requested was unreasonable, nor does Plaintiff allege that the treatment he received at the jail upon arrival was unreasonable. As such, Count 1 is **DISMISSED without prejudice** for failure to state a claim.

**Count 2**

Plaintiff also fails to state a claim as to Count 2. The mere failure to seatbelt a detainee does not amount to a constitutional violation. *Taylor v. Stateville Dep't of Corrections*, Case No. 10 C 3700, 2010 WL 5014185 (N.D. Ill. 2010) (collecting cases); *Fluker v. County of Kankakee*, 945 F.Supp. 972, 988 (C.D. Ill. 2003) (citing *Jabbar v. Fischer,* 683 F.3d 54, 58 (2d Cir. 2012) ("the failure to provide a seatbelt is not, in itself, 'sufficiently serious' to constitute an Eighth Amendment violation"); *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir.1999) ("[W]e do not think that the [municipality's] purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a 'substantial risk of serious harm.'"); *Smith v. Sec'y for Dep't of Corr.,* 252 Fed.Appx. 301, 304 (11th Cir.2007)); *Edwards v. David*, Case No. 15-cv-9086, 2017 WL 2653077, at *5 (N.D. Ill. 2017) (although failure to provide seatbelts is not a constitutional violation by itself, the complaint alleged that the defendant drove recklessly and ultimately caused the wreck which was enough to state a claim). Nor has Plaintiff alleged that he asked to be belted and the officer refused, or that the officer was driving recklessly when he hit the deer. *Brown v. Fortner*, 518 F.3d 552, 556 (8th Cir. 2008) (Eighth Amendment claim allowed to proceed against driver who refused to fasten convicted person's seatbelt, drove at an excessive speed, crossed double-yellow lines, and followed vehicles too closely). Accordingly, Count 2 is **DISMISSED without prejudice**.

**Count 3**

Plaintiff's claim against Scott Harvell for failing to train John Doe #1 also fails to state a claim. Plaintiff alleges that Scott Harvell failed to train John Doe #1 on properly securing inmates and failed to make sure that Plaintiff was properly secured. However, to the extent that Plaintiff alleges that Harvell did not properly supervise John Doe #1 in securing Plaintiff in the vehicle,

*respondeat superior*, or supervisor liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Nor has he sought to bring a *Monell* claim against the county or Scott Harvell, in his official capacity, for a policy or practice of failing to train officers. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978). As such, Count 3 is also **DISMISSED without prejudice**.

## Motion for Counsel

In his Motion for Counsel (Doc. 9), Plaintiff indicates that he has sent letters to several attorneys, but no attorneys will take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, the Court finds Plaintiff capable of drafting an amended complaint on his own. Thus, counsel is not needed. Therefore, Plaintiff's Motion for Counsel (Doc. 9) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 4, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 10/7/2019**

s/J. Phil Gilbert
**United States District Judge**