# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESLEY DEE CORNELIUS, III, #201308121, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-00808-JPG<br>) |
| JOHN DOE 1,<br>JOHN DOE 2,<br>and SCOTT HARVELL, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Esley Dee Cornelius, III, a detainee at Jackson County Jail, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. (Doc. 13, pp. 6-13). Plaintiff allegedly sustained back, shoulder, and finger injuries while being transported from Union County Sheriff's Department without a seatbelt on April 16, 2019. (*Id.*). Due to delays in the diagnosis and treatment of his injuries, Plaintiff claims that his injuries did not properly heal. (*Id.*). He continues to suffer from back pain. (*Id.* at p. 9). Plaintiff seeks money damages from the defendants. (*Id.*).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 13, pp. 6, 8-14): On April 16, 2019, Plaintiff was involved in an automobile accident while being transported from Union County Sheriff's Department to Jackson County Jail. (*Id*. at p. 6). Prior to the accident, Deputy/Sergeant John Doe #1 ("Doe 1") placed Plaintiff into a vehicle without a seatbelt. When Plaintiff requested one, the officer refused and shut the door in his face. Plaintiff repeated his request as Doe 1 sped down the highway in the dark at an excessive speed (80-85 m.p.h. in a 55 m.p.h. zone). The police cruiser hit a deer in a collision that totaled the vehicle. Plaintiff suffered injuries to his back, left shoulder, and fingers. (*Id*. at pp. 6-7).

Doe 1 called dispatch to request assistance, and Deputy/Sergeant John Doe #2 ("Doe 2") transported Plaintiff to Jackson County Jail ("Jail"). (*Id*. at p. 7). When Plaintiff showed the officers his injuries and requested immediate treatment at a hospital emergency room, they told him to "shut up." (*Id*.). The officers both ignored his complaints of pain. (*Id*.).

Booking Officer Hines photographed Plaintiff's injuries and gave him bandages for his wounds. (*Id*. at p. 8). However, the officer denied Plaintiff's request for medical care because there was no nurse on duty. (*Id*.). Plaintiff pressed the emergency call button the next day to complain of severe pain and request more bandages. (*Id*. at p. 9). He was told to submit a sick call slip. Sergeant Straton, Sergeant Spradling, Deputy Buchmann, Deputy Partridge, Deputy Seifert, and Deputy Harju all witnessed his injuries and pain. Even so, two or three months passed before Plaintiff was finally seen by a doctor. (*Id*.). As a result of this delay in treatment, Plaintiff continues to suffer from back pain and blames Doe 1, Doe 2, and Sheriff Harvell for his condition. (*Id*. at pp. 11-12).

**Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of his claim but does not name them as defendants in the Amended Complaint: a nurse, Officer Hines, Sergeant Straton, Sergeant Spradling, Deputy Buchmann, Deputy Partridge, Deputy Seifert, and Deputy Harju. (Doc. 13, pp. 8-9). The Court will not treat these individuals as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Any claims against them should be considered **DISMISSED without prejudice**.

**Discussion**

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** John Doe #1 and John Doe #2 denied Plaintiff adequate and timely medical care for injuries he sustained in a police cruiser accident on April 16, 2019, in violation of the Fourth and/or Fourteenth Amendment.
>
> **Count 2:** John Doe #1 failed to adequately protect Plaintiff from injury during transport by refusing to seatbelt him before transporting Plaintiff in a police cruiser at an excessive speed in the dark on April 16, 2019, in violation of the Fourth and/or Fourteenth Amendment.
>
> **Count 3:** Sheriff Scott Harvell failed to train John Doe #1 and John Doe #2 in properly securing, transporting, and treating detainees for injuries, in violation of the Fourth and/or Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Counts 1 and 2 survive screening and will receive further review against John Doe #1 and John Doe #2. With that said, the legal framework applicable to all three claims is not altogether clear at this point and depends on Plaintiff's status as an arrestee or pretrial detainee when his claims arose. The Fourth Amendment provides protection to a person who has been arrested without a warrant but not yet attended his probable cause hearing (*i.e.*, an arrestee). *See Currie v. Chhabra*, 728 F.3d 626, 628 (7th Cir. 2013) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). The Fourteenth Amendment's Due Process Clause extends protection to a person who is detained following his probable cause hearing and prior to his conviction (*i.e.,* pretrial detainee). *Currie*, 728 F.3d at 628. In the Amended Complaint, Plaintiff alleges that his injuries occurred in a police cruiser accident that followed his arrest. The denial of medical care lasted for a period of two or three months thereafter. Given these allegations, it appears that the Fourth and/or Fourteenth Amendment govern Counts 1 and 2, and the allegations suggest that the defendants' conduct may have violated Plaintiff's rights under both. Accordingly, Counts 1 and 2 cannot be dismissed at this stage.

However, Count 3 does not survive screening against Sheriff Harvell. Plaintiff vaguely refers to the sheriff's failure to train the officers, but he does not develop this claim. Plaintiff alludes to inadequate medical staffing, no access to a CT scan or x-ray, and other delays. However, he does not attribute these deficiencies to a policy created or implemented by the sheriff. His allegations against the sheriff do not state a plausible, as opposed to a possible, claim. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Finally, to the extent Plaintiff alleges that the sheriff did not properly supervise John Doe #1 or John Doe #2, his claims are barred because *respondeat superior* is not recognized under § 1983. *Shields v. Illinois*

*Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Count 3 shall therefore be dismissed without prejudice against Sheriff Harvell.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against John Doe #1 and John Doe #2. However, these defendants must be identified with particularity before service of the Amended Complaint can be made on them. The plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. In this case, Sheriff Harvell will remain named as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying both unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the caption and Amended Complaint.

### Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** will receive further review against Defendants **JOHN DOE #1** and **JOHN DOE #2**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**Because Counts 1 and/or 2 involve the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim against Defendant **SCOTT HARVELL**, and all individual capacity claims are **DISMISSED** without prejudice against him. However, Defendant **HARVELL** shall remain named as a defendant, in his official capacity only, and must respond to discovery aimed at identifying John Doe #1 and John Doe #2 with particularity. **Defendant HARVELL need only**

**enter his appearance and will receive further instruction on discovery at a later date.**

The Clerk of Court shall prepare for Defendants **JOHN DOE #1** (once identified), **JOHN DOE #2** (once identified), and **SCOTT HARVELL** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 2/3/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**