IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESLEY DEE CORNELIUS, III, #201308121, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 19-cv-00808-JPG ) |
| CODY GWALTNEY, AND ANTHONY PENA, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter came before the Court for a hearing on Defendants' Motion to Compel and Sanction Plaintiff and Extend Time for Discovery and Dispositive Motions on August 18, 2021. (Doc. 46). At the hearing, Defendants also made a Motion to Dismiss Case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth on the record and herein, Document 46 is **GRANTED in part** and **DENIED in part**, and the Motion to Dismiss is **GRANTED**. This action is **DISMISSED without prejudice** and **with SANCTIONS**.

## Motion

Plaintiff notified the Court that he was released from custody in March 2021. (Doc. 42). In Defendants' motion filed July 1, 2021, Defendants state that Plaintiff failed to appear at his scheduled deposition in Jonesboro, Illinois, in June 2021. (Doc. 46, ¶¶ 1-2). He did not provide opposing counsel with a phone number where he could be reached, so counsel was unable to contact him to discuss the matter. (*Id*. at ¶ 4). Counsel's appearance at the deposition caused Defendants' insurer to incur attorney fees, mileage expenses, and court reporter fees. (*Id*. at ¶ 7). Defendants seek an order compelling Plaintiff's attendance at a deposition, an amended scheduling order, and reasonable expenses for Plaintiff's original deposition. (*Id*. at ¶¶ 9-12).

On July 2, 2021, this Court entered the following Order in this matter:

> ORDER TO SHOW CAUSE: Plaintiff is hereby ORDERED to SHOW CAUSE why Defendants' Motion to Compel Plaintiff's Deposition, Extend Deadlines for Discovery and Dispositive Motions, and for Sanctions should not be granted. The deadline for filing a written response to this Order is JULY 16, 2021. Plaintiff is WARNED that that failure to respond by this deadline shall result in entry of an order granting the motion.

(Doc. 47). Plaintiff did not respond to the show cause order by the deadline. He also failed to request an extension of time for responding.

Therefore, on August 5, 2021, the Court entered the following Notice of Impending Dismissal:

> NOTICE OF IMPENDING DISMISSAL: On or before July 16, 2021, Plaintiff was ordered to show cause why Defendants' [46] Motion to Compel, Motion for Extension of Time for Discovery and Dispositive Motions, and Motion for Sanctions should not be granted based on his failure to appear at his scheduled deposition. (Doc. 47). Plaintiff did not respond to the show cause order by the deadline, and he did not request an extension of time to respond. The Scheduling Clerk shall therefore schedule a hearing on the motion at Doc. 46. Defendants shall prepare an itemized statement of attorney fees, mileage, and court reporter fees associated with Plaintiffs deposition to present at the hearing. Plaintiff is ORDERED to appear at that hearing and be prepared to explain why he did not appear at his deposition or respond to the Court's Order to Show Cause at Doc. 47. Plaintiff is also WARNED that he shall face sanctions that may include, but are not limited to, payment of reasonable expenses and attorney fees for his deposition under Fed. R. Civ. P. 30(g) and 37(a)(5)(A) and dismissal of the action under Fed. R. Civ. P. 41(b) and/or 37(b)(2)(A) for his non-appearance.

(Doc. 48).

The Court held a hearing on Defendants' motion on August 18, 2021. Defendants appeared by counsel, Attorney Bhairav Radia. Although he was served with proper notice of the hearing, Plaintiff failed to appear. At the hearing, Defendants made a motion to dismiss the action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Along with the motion, Defendants filed a declaration containing an itemization of expenses, including attorney fees, associated with the deposition.

## Discussion

Pursuant to Rule 30(g) of the Federal Rules of Civil Procedure, a party whose attorney attends a deposition may recover reasonable expenses if the other party fails to appear. *See* FED.

R. CIV. P. 30(g). Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure authorizes the Court to order sanctions against a party for failing to appear at his or her deposition after being served with proper notice. Available sanctions include reasonable expenses, including attorney fees and costs, as itemized in Rule 37(b)(2)(A)(i)-(vi). Finally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of an action for failure to comply with a court order, failure to comply with the Federal Rules of Civil Procedure, or for failure to prosecute claims.

Given that Plaintiff failed to appear at his deposition, failed to respond to Document 46, failed to show cause why this case should not be dismissed, and also failed to appear at the related hearing, the Court deems it appropriate to: **DENY** as moot the Motion to Compel and Extend Deadlines (Doc. 46); **GRANT** the Motion for Sanctions (Doc. 46); and **GRANT** the Motion to Dismiss Case. This action shall be dismissed without prejudice, and Plaintiff shall be responsible for paying Defendants the reasonable expenses for his deposition. He shall also be prohibited from refiling this action until he pays the defendants the sanctioned amount.

## Disposition

For the reasons set forth on the record and summarized herein, Defendants' Motion to Compel and Extend Deadlines (Doc. 46) is **DENIED as MOOT**, and the Motion for Sanctions (Doc. 46) is **GRANTED**. Plaintiff is **SANCTIONED** for his non-appearance at his deposition and is **ORDERED** to pay Defendants the reasonable expenses associated with the deposition in the total amount of $**1,390.96**.[1] Plaintiff is **PROHIBITED** from refiling this lawsuit unless and until he pays the defendants this amount.

Defendants' Motion to Dismiss Pursuant to Rule 41(b), made orally at the hearing, is **GRANTED**. This action is **DISMISSED without prejudice** based on Plaintiff's failure to prosecute his claims herein. FED. R. CIV. P. 41(b).

---

[1] This amount includes $1,000.00 in attorney fees for attending the deposition, $204.96 for mileage, $100.00 for court reporter fees, and $86.00 for drafting Document 46. (*See* Doc. 50).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/20/2021**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**